# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CRAFTSHACK, INC., a Delaware corporation, §<br>*Plaintiff*, §<br>§<br>v. §<br>§<br>CRITICAL TELEPHONE APPLICATIONS, §<br>INC. d/b/a "BottleCapps," a Texas corporation; §<br>ASPEN WINE AND SPIRITS, LP, an §<br>Oklahoma limited partnership; RATHBUN §<br>LIQUOR, LLC d/b/a "8th Street Liquor," a §<br>Kansas limited liability company; MG INC. §<br>d/b/a "Alameda Liquor Mart," a Colorado §<br>Corporation; JFKINVESTMENTS, LLC §<br>d/b/a "Bubbles Liquor World," a Colorado §<br>limited liability company; DAVIDSONS §<br>LIQUOR, INC. d/b/a "Davidsons Beer, Wine §<br>and Spirits," a Colorado corporation; DILLON §<br>RIDGE LIQUORS, INC., a Colorado §<br>corporation; HIXSON PIKE CORPORATION §<br>d/b/a "Harry's Wine and Spirits," a Tennessee §<br>corporation; HORIZON RIDGE AND LEE §<br>INC. d/b/a "Lee's Discount Liquor," a Nevada §<br>corporation; GILD CORPORATION d/b/a §<br>"Macadoodles," an Arkansas corporation; §<br>NORKUS ENTERPRISES, INC. d/b/a "Max's §<br>Beer, Wine & Liquor," a New Jersey §<br>corporation; SAV-RITE LIQUORS INC., a §<br>Connecticut corporation; SHREE NAR §<br>NARAYAN DEV LLC d/b/a "R Liquor Store," §<br>a Georgia limited liability company; MOHAN §<br>OOLTEWAH CORPORATION d/b/a "Snow §<br>Hill Wine & Spirits," a Tennessee corporation; §<br>THE BOTTLE SHOP OF GRAFTON, INC., a §<br>Wisconsin corporation; M I A N, INC. d/b/a §<br>"Tower Beer, Wine & Spirits," a Georgia §<br>domestic profit corporation; ONE STOP §<br>LIQUORS, INC., a Massachusetts corporation; §<br>and DOES 1-10, §<br>*Defendants*. § | Case No.  3:24-cv-01742<br><br>PLAINTIFF'S COMPLAINT FOR<br>COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff CraftShack, Inc., by and through its undersigned attorney, hereby prays to this honorable Court for relief based on the following:

### I.     JURISDICTION AND VENUE

1.     This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### II.     PARTIES

4.     Plaintiff CraftShack, Inc. is a Delaware corporation.

5.     Upon information and belief, Defendant Critical Telephone Applications, Inc. d/b/a "BottleCapps" ("BottleCapps") is a Texas corporation with its principal place of business located at 400 East Royal Lane, Suite 209, Irving, TX 75039. BottleCapps may be served with summons on its registered agent Calvin Hoang at 400 East Royal Lane, Suite 209, Irving, TX 75039.

6.     Upon information and belief, Defendant Aspen Wine and Spirits, LP ("Aspen Wine") is an Oklahoma limited partnership with its principal place of business located at 2201 W. Washington Street S, Broken Arrow, OK 74012. Aspen Wine may be served with summons at 2201 W. Washington Street S., Broken Arrow OK, 74012.

7.     BottleCapps and Aspen Wine collectively own, operate, and/or control the commercial website aspen-liquor.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Aspen Wine regarding the same.

8. Upon information and belief, Defendant Rathbun Liquor LLC d/b/a "8th Street Liquor" ("8th Street Liquor") is a Kansas limited liability company with its principal place of business located at 2401 Ash, Hays, KS 67601.  8th Street Liquor may be served with summons through its registered agent, Wesley Rathbun, at 1409 W. 45th Street, Hays, KS 67601.

9. BottleCapps and 8th Street Liquor collectively own, operate, and/or control the commercial website 8thstreetliquor.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with 8th Street Liquor regarding the same.

10. Upon information and belief, Defendant MG Inc. d/b/a "Alameda Liquor Mart" ("Alameda Liquor") is a Colorado corporation with its principal place of business located at 9660 E. Alameda Ave Suite 103, Denver, CO 80247.  Alameda Liquor may be served with summons through its registered agent, Gurdarshan Singh, at 9660 E. Alameda Ave, Ste 103, Denver, CO 80247.

11. BottleCapps and Alameda Liquor collectively own, operate, and/or control the commercial website almliquormart.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Alameda Liquor regarding the same.

12. Upon information and belief, Defendant JFKInvestments, LLC d/b/a "Bubbles Liquor World" ("Bubbles Liquor") is a Colorado limited liability company with its principal place of business located at 9365 E. Harvard Ave, Denver, CO 80231. Bubbles Liquor may be served with summons through its registered agent, Ireland Stapleton Pryor & Pascoe PC, Attn: Thomas J. Wolf, Esq., 1660 Lincoln Street, Ste 3000, Denver, CO 80264.

13. BottleCapps and Bubbles Liquor collectively own, operate, and/or control the

commercial website bubblesliquorworld.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Bubbles Liquor regarding the same.

14. Upon information and belief, Defendant Davidsons Liquor, Inc. d/b/a "Davidsons Beer, Wine, & Spirits" ("Davidsons Liquor") is a Colorado corporation with its principal place of business located at 5555 Boatworks Dr., Highlands Ranch, CO 80126. Davidsons Liquor may be served with summons through its registered agent, Runco & Proffitt, P.C., at 1616 17th Street, Ste 362, Denver, CO 80202.

15. BottleCapps and Davidsons Liquor collectively own, operate, and/or control the commercial website davidsonsliquors.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Davidsons Liquor regarding the same.

16. Upon information and belief, Defendant Dillon Ridge Liquors, Inc. ("Dillon Ridge Liquors") is a Colorado corporation with its principal place of business located at 294 Dillon Ridge Rd. Unit B, Dillon, CO 80435. Dillon Ridge Liquors may be served with summons through its registered agent, Mike Smith, at 294 Dillon Ridge Road, unit B, Dillon, CO 80435.

17. BottleCapps and Dillon Ridge Liquors collectively own, operate, and/or control the commercial website dillonridgeliquors.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Dillon Ridge Liquors regarding the same.

18. Upon information and belief, Defendant Hixson Pike Corporation d/b/a "Harry's Wine & Spirits" ("Harry's Wine") is a Tennessee corporation with its principal place of business

located at 705 Signal Mountain Rd., Chattanooga, TN 37405. Harry's Wine & Spirits may be served with summons through its registered agent, Hashmukh Patel, at 705 Signal Mountain Road, Chattanooga, TN 37405.

19. BottleCapps and Harry's Wine collectively own, operate, and/or control the commercial website harryswns.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Harry's Wine regarding the same.

20. Upon information and belief, Defendant Horizon Ridge and Lee Inc. d/b/a "Lee's Discount Liquor" ("Lee's Discount Liquor") is a Nevada corporation with its principal place of business located at 4427 E. Sunset Rd., Henderson, NV 89014. Lee's Discount Liquor may be served with summons through its registered agent, Corporation Service Company, at 112 North Curry Street, Carson City, NV 89703.

21. BottleCapps and Lee's Discount Liquor collectively own, operate, and/or control the commercial website shop.leesdiscountliquor.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Lee's Discount Liquor regarding the same.

22. Upon information and belief, Defendant Gild Corporation d/b/a "Macadoodles" ("Macadoodles") is an Arkansas corporation with its principal place of business located at 53 Macadoodle Lane, Pineville, MO 64856. Macadoodles may be served with summons through its registered agent, Jonathan L. Downard, at 315 East Main Street, Union, MO 63084.

23. BottleCapps and Macadoodles collectively own, operate, and/or control the commercial website shop.macadoodles.com and its related/affiliated subdomains, mobile

websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Macadoodles regarding the same.

24. Upon information and belief, Defendant Norkus Enterprises, Inc. d/b/a "Max's Beer, Wine & Liquor" ("Max's Liquors") is a New Jersey corporation with its principal place of business located at 505 Richmond Ave., Point Pleasant Beach, NJ 08742. Max's Liquors may be served with summons through its registered agent, Gerard K. Norkus, at 303 Boston Blvd, Sea Girt, NJ 08750.

25. BottleCapps and Max's Liquors collectively own, operate, and/or control the commercial website maxsliquors.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Max's Liquors regarding the same.

26. Upon information and belief, Defendant Sav-Rite Liquors, Inc. ("Sav-Rite Liquors") is a Connecticut corporation with its principal place of business located at 117 Washington Ave., North Haven, CT 06473. Sav-Rite Liquors may be served with summons through its registered agent, Michael Jannotta, 4 Bluewater Lane, Westport, CT 06880.

27. BottleCapps and Sav-Rite Liquors collectively own, operate, and/or control the commercial website savriteliquors.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Sav-Rite Liquors regarding the same.

28. Upon information and belief, Defendant Shree Nar Narayan Dev LLC d/b/a "R Liquor Store" ("R Liquor") is a Georgia limited liability company with its principal place of business located at 2763 Highway 54, Peachtree City, GA 30269. R Liquor may be served with summons through its registered agent, Rajeshkumar Patel, 580 Lake Front Drive, Lilburn, GA

30047.

29. BottleCapps and R Liquor collectively own, operate, and/or control the commercial website rliquor.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with R Liquor regarding the same.

30. Upon information and belief, Defendant Mohan Ooltewah Corporation d/b/a "Snow Hill Wine & Spirits" ("Snow Hill Wine") is a Tennessee corporation with its principal place of business located at 5958 Snow Hill Rd., Ste. 204, Ooltewah, TN 37363. Snow Hill Wine may be served with summons through its registered agent, Snow Hill Wine, 5958 Snow Hill Rd., Ste. 204, Ooltewah, TN 37363.

31. BottleCapps and Snow Hill Wine collectively own, operate, and/or control the commercial website snowhillwns.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Snow Hill Wine regarding the same.

32. Upon information and belief, Defendant The Bottle Shop of Grafton, Inc. ("Bottle Shop") is a Wisconsin corporation with its principal place of business located at 1237 12th Ave., Grafton, WI 53024. Bottle Shop may be served with summons through its registered agent, Hertejvir Singh, 1237 12th Ave., Apt. 1, Grafton, WI 53024.

33. BottleCapps and Bottle Shop collectively own, operate, and/or control the commercial website graftonbottleshop.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Bottle Shop regarding the same.

34. Upon information and belief, Defendant M I A N, Inc. d/b/a "Tower Beer, Wine &

Spirits" ("Tower Beer") is a Georgia corporation with its principal place of business located at 5877 Buford Hwy. NE, Doraville, GA 30340. Tower Beer may be served with summons through its registered agent, Jonathan Weintraub, 1045 Emory Parc Place, Decatur, GA 30033.

35. BottleCapps and Tower Beer collectively own, operate, and/or control the commercial website towerwinespirits.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with Tower Beer regarding the same.

36. Upon information and belief, Defendant One Stop Liquors, Inc. ("One Stop Liquors") is a Massachusetts corporation with its principal place of business located at 17 Regency Dr. Unit 3, Dracut, MA 01826. One Stop Liquors may be served with summons through its registered agent, Jose M. Silva, 17 Regency Dr. Unit 3, Dracut, MA 01826.

37. BottleCapps and One Stop Liquors collectively own, operate, and/or control the commercial website 1stopliquors.com and its related/affiliated subdomains, mobile websites, and applications, including liquorapps.com. At all relevant times, BottleCapps has maintained a service partner retail liquor store relationship with One Stop Liquors regarding the same.

38. The websites referenced above are collectively referred to as the "Defendants' Websites."

39. Defendants DOES 1-10 are other parties not yet identified who infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or engaged in one or more of the wrongful acts alleged herein. The true names, whether corporate, individual, or otherwise, of Defendants 1-10, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

40. At all relevant times, each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### III.   CAUSES OF ACTION

### Count One – For Copyright Infringement – Against All Defendants

41. CraftShack operates an online craft beer marketplace which ships mostly small and family-owned beer and liquor directly to customers. As part of its business, CraftShack has created thousands of original photos to "standardize" the professional display of the products it sells on its website. This is important because, while many of the manufacturers of those products offer promotional photos of their products, those photos are often incohesive—e.g., shot with/from different angles, backgrounds, lighting, etc. By creating homogenous and particularly stylized product photographs, CraftShack has created immense value for itself and its customers. Indeed, due to the demand for CraftShack's work, CraftShack has created a secondary business of offering licenses for the use its original photographs. CraftShack's website displays thousands of its original photographs used to promote the sale of beer and liquor products, and maintaining exclusivity of use of those high-quality proprietary photographs for only CraftShack and its authorized licensees is crucial to CraftShack's business.

42. CraftShack took and owns 109 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Copies of the Subject Photographs, along with their titles and registration numbers, are set forth in Exhibit 1.

43. Following the publication and display of the Subject Photographs, Defendants

copied, stored, distributed, displayed, and/or otherwise exploited the Subject Photographs for commercial purposes on Defendants' Websites without CraftShack's permission (the "Accused Posts"). Copies of screen captures of the Accused Posts are set forth in Exhibit 2.

44. Upon information and belief, Defendants had access to the Subject Photographs through CraftShack's website or social media accounts, viewing the Subject Photographs on third-party websites or Internet search engines, and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs. Defendants used and distributed copies of the Subject Photographs, and exploited those copies for commercial purposes on Defendants' Websites, without CraftShack's permission.

45. Due to Defendants' acts of infringement, CraftShack suffered damages in an amount to be established at trial, and Defendants obtained profits they would not have realized but for their infringement of CraftShack's rights in the Subject Photographs. As such, CraftShack is entitled to disgorgement of Defendants' profits attributable to the infringement of CraftShack's rights in the Subject Photographs in an amount to be established at trial.

46. In February and March 2024, CraftShack sent correspondence to Defendants requesting that they cease-and-desist from their unauthorized exploitations of the Subject Photographs on Defendants' Websites. Yet as of this filing, Defendants continue to display numerous Accused Posts on Defendants' Websites. As a result, CraftShack alleges that Defendants committed copyright infringement with actual knowledge or reckless disregard of CraftShack's rights, such that said acts of copyright infringement were, and continue to be, willful.

### IV.    JURY DEMAND

47. Plaintiff demands a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38 and the 7th Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents and employees, and/or anyone working directly or indirectly for or in concert with Defendants or their agents or employees, be enjoined from using the Subject Photographs in any manner that infringes Plaintiff's copyrights in the Subject Photographs;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded attorneys' fees as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: July 8, 2024

Respectfully Submitted,

By: _____
Robert Cherry, Esq.
State Bar No. 24103780
**DONIGER / BURROUGHS**
2900 S. Congress Ave, #101
Austin, Texas 78704
Telephone: (512) 856-4319
Email: rcherry@donigerlawfirm.com

*Attorney for Plaintiff*